211   591
s221  150

# Delaware, Lackawanna and Western Railroad Company, Appellant, v. Danville and Bloomsburg Street Railway Company.

*Railroads—Street railways—Grade crossings—Preliminary injunction—Equity—Act of June 19, 1871, P. L. 1360.*

A preliminary injunction restraining a street railway company from laying its tracks at grade over the tracks of a steam railroad in a borough will be continued until final hearing where the evidence tends to show that the crossing in question was at a point where the railroad passed over the principal street in the borough; that the street was so closely built up that no view of coming trains could be had until the crossing was reached; that over and across the street eight regular passenger trains and six regular freight trains passed daily; that the operation of a neighboring switch required a large amount of shifting across the street; that at the point in question a large number of vehicles and pedestrians passed hourly; and the evidence is conflicting as to whether an overhead crossing is reasonably practicable.

Argued Feb. 28, 1905. Appeal, No. 316, Jan. T., 1904, by plaintiff from decree of C. P. Montour Co., Sept. T., 1904, No. 7, dissolving preliminary injunction in case of Delaware, Lackawanna & Western Railroad Company v. Danville & Bloomsburg Street Railway Company, W. F. Pascoe, C. E. Leippe, W. C. Billman and R. H. Koch, trading as Standard Construction Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Reversed.

Bill in equity for an injunction. Before LITTLE, P. J.

The court found among other facts the following:

The railroad, in passing through Danville, crosses Mill street at grade. This street is the principal business street of the borough and a large number of vehicles and pedestrians pass hourly where the railroad crosses the street. Over and across this street eight regular passenger trains and six regular freight trains pass daily, beside extra trains. The street is about thirty-six feet in width between the curb lines.

Mill street, both north and south of the crossing, is closely built up on both sides of the street, so that those approaching from either north or south are unable to obtain a full view of the track east and west of Mill street until they have reached

the track.   A watchman is kept at this point, who lowers the gates at the crossing upon the approach of trains.   A person standing in the middle of the crossing can see trains at a distance of 588 feet looking eastwardly, and at a distance of 680 feet looking westwardly.   A short distance east of the crossing at Mill street is a switch operated by said railroad company, frequently used, which requires a large amount of shifting across the street.

The court found from conflicting testimony that an overhead crossing was not practicable at the point in question, and dissolved the preliminary injunction.

A decree was entered giving the street railway company permission to construct a grade crossing and prescribing certain precautions to be taken in the use of the crossing by the defendant company.

*Error assigned* was the decree of the court.

*H. M. Hinckley* and *Everett Warren* of *Willard, Warren & Knapp*, with them *A. H. McClintock*, for appellant.   All the presumptions are to be resolved against grade crossings. Williams Valley R. R. Co. v. Ry. Co., 192 Pa. 552; Pittsburg, etc., R. R. Co. v. S. W. Penna. Ry. Co., 77 Pa. 186 ; Perry R. R. Extension Co. v. R. R. Co, 150 Pa. 193 ; Penna. R. R. Co. v. Electric Ry. Co., 152 Pa. 116; Altoona, etc., R. R. Co. v. R. R. Co., 160 Pa. 623 ; Scranton, etc. Traction Co. v. Canal Co., 180 Pa. 636 ; Penna. R. R. Co. v. Warren Street Ry. Co.: 188 Pa. 740; Mifflinville Bridge, 206 Pa. 420; R. R. Co. v. Lawrence County, 198 Pa. 1; B. & O. R. R. Co. v. Butler Pass. Ry. Co., 207 Pa. 406 ; Penna. R. R. Co. v Bogert, 209 Pa. 589.

*James Scarlet* and *Grant Herring*, with them *R. S. Ammerman* and *T. J. Vanderslice*, for appellees, cited : Scranton, etc., Traction, Co. v. Canal Co., 180 Pa. 636.

PER CURIAM, April 24, 1905 :

This is a clear case for the maintenance of the status quo until final hearing.

Decree reversed and injunction reinstated.