# Delaware, Lackawanna & Western Railroad Company, Appellant, *v.* Danville & Bloomsburg Street Railway Company.

*Railroads—Street railways—Grade crossings—Equity—Act of June 19, 1871, P. L.* 1360.

In determining whether a grade crossing of a railroad by a street railway shall be allowed, the question is not as to the comparative dangers of an overhead and a grade crossing, nor as to the extent of the danger of the latter, but whether it is reasonably practicable to avoid a crossing. The extent to which the risk may be reduced by the exercise of care, and the cost of constructing an overhead crossing, are not elements in determining the question.

The Act of June 19, 1871, P. L. 1360, is in effect a mandate to the courts to prohibit grade crossings, unless it is impracticable to avoid them, and unless crossing is an imperative necessity.

A decree allowing a grade crossing cannot be sustained on a finding that "the preponderance of the evidence establishes that an overhead crossing would be more dangerous to life and limb to operate than the present grade crossing," and that "the crossing is not so dangerous as to warrant equitable interference by the court."

Argued March 3, 1908. Appeal, No. 25, Jan. T., 1908, by plaintiff, from decree of C. P. Montour Co., Sept. T., 1904, No. 7, dissolving preliminary injunction in case of The Delaware, Lackawanna & Western Railroad Company v. Danville & Bloomsburg Street Railway Company and W. F. Pascoe et al., trading as The Standard Construction Company. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Reversed.

150 D., L. & W. R. R. CO., Appellant, *v.* D. & B. ST. RY. CO.

Statement of Facts—Opinion of the Court. [221 Pa.

Bill in equity for an injunction.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dissolving preliminary injunction and permitting a grade crossing subject to regulations imposed by the court.

*H. M. Hinckley* and *A. H. McClintock,* for appellant.—The crossing was improperly allowed : Williams Valley R. R. Co. v. Ry. Co., 192 Pa. 552 ; Pittsburg, etc., R. R. Co. v. Ry. Co., 77 Pa. 173 ; Perry County R. R. Extension Co. v. R. R. Co., 150 Pa. 193 ; Penna. R. R. Co. v. Electric Ry. Co., 152 Pa. 116 ; Altoona, etc., R. R. Co. v. R. R. Co., 160 Pa. 623 ; Delaware & Hudson Canal Co. v. St. Ry. Co., 180 Pa. 636 ; Penna. R. R. Co. v. Warren St. Ry. Co., 188 Pa. 74 ; Mifflinville Bridge, 206 Pa. 420 ; Pittsburg, etc., R. R. Co. v. Lawrence County, 198 Pa. 1 ; B. & O., R. R. Co. v. Butler Pass. Ry. Co., 207 Pa. 406 ; Penna. R. R. Co. v. Bogert, 209 Pa. 589.

*R. H. Koch,* for appellees.

Opinion by Mr. Justice Fell, May 4, 1908 :

The bill in this case was for an injunction to restrain the defendant, an electric passenger railway company, from crossing at grade the tracks of the plaintiff's road in the borough of Danville. The proposed crossing was upon the main street of the borough, which was thirty-six feet in width between the curb lines and closely built up on both sides. At this place fourteen regular trains cross the street daily and a full view of the plaintiff's tracks cannot be had in either direction at a point more than a few feet from them. An order dissolving a preliminary injunction was reversed and the injunction reinstated to maintain the status quo until final hearing : see 211 Pa. 591. On final hearing, on the same testimony, the injunction was dissolved and a grade crossing allowed, subject to regulations imposed by the court.

The conclusion reached by the court that it is not reasonably practicable to avoid a grade crossing is not founded on a finding that it is impracticable to construct an overhead crossing at this place and to operate the defendant's cars upon

it, but upon the findings that "The preponderance of the evidence establishes that an overhead crossing on Mill Street would be more dangerous to life and limb to operate than the present grade crossing," and that "The crossing is not so dangerous as to warrant equitable interference by the court."

In reaching this conclusion the wrong test was applied. The question was not as to the comparative dangers of an overhead and a grade crossing, nor as to the extent of the danger of the latter, but whether it was reasonably practicable to avoid a crossing at grade. The clear and explicit mandate of the Act of June 19, 1871, P. L. 1360, is that "If, in the judgment of the court, it is reasonably practicable to avoid the grade crossing, they shall by their process avoid a crossing at grade." The policy of the state as here declared has been given the fullest effect in an unbroken line of cases extending from Pittsburg, etc., Railroad Co. v. S. W. Penna. Ry. Co., 77 Pa. 173, the first case that arose under the act, to Penna. Railroad Co. v. Bogert, 209 Pa. 589. The extent to which the risk may be reduced by the exercise of care, and the cost of constructing an overhead crossing, are not elements in determining the question: Delaware & Hudson Canal Co. v. St. Ry. Co., 180 Pa. 636 ; Penna. Railroad Co. v. Street Railway Co., 188 Pa. 74. The act is in effect a mandate to the courts to prohibit grade crossings unless it is impracticable to avoid them and unless crossing is an imperative necessity : Chester Traction Co. v. P., W. & B. R. R. Co., 188 Pa. 105. What is reasonably practicable is determined largely by what is physically practicable : Williams Valley Railroad Co. v. Railway Co., 192 Pa. 552.

In Pittsburg, etc., Railroad Co. v. Lawrence County, 198 Pa. 1 where the cases on the subject are considered, it was said by the present chief justice : "It must, therefore, be accepted as the settled policy of the state as administered by this court that wherever the subject comes within its jurisdiction and control, no grade crossing of a railroad over another railroad or a common highway, will be permitted except in case of manifest and unavoidable necessity." In the later case of B. & O. Railroad Co. v. Butler Pass. Railway Co., 207 Pa. 406, our Brother MESTREZAT said : "In all cases of proposed grade crossing, therefore, the only question is whether it is reasonably prac-

152 D., L. & W. R. R. CO., Appellant, *v.* D. & B. ST. RY. CO.

Opinion of the Court. [221 Pa.

ticable to avoid it, and if so, the statute is mandatory to prevent it. In determining this question, the main purpose of the statutes, to protect life and property, is not to be ignored or disregarded. Experience teaches with absolute certainty that a grade crossing is unsafe and that its existence is a standing menace to human life. This fact should be kept constantly in mind in adjudicating the rights of railway companies in proceedings under the act of 1871."

The decree is reversed at the cost of the appellee, and it is directed that an injunction issue restraining the defendant, its officers, agents and employees, from constructing a crossing at grade of the plaintiff's tracks on Mill street in the borough of Danville.